1  M. Douglas Flahaut (SBN 245558)
2  Christopher K.S. Wong (SBN 308048)
   Dylan J. Yamamoto (SBN 324601)
3  **ARENTFOX SCHIFF LLP**
   555 West Fifth Street, 48th Floor
4  Los Angeles, CA  90013-1065
   Telephone:    213.629.7400
5  Facsimile:    213.629.7401
6  E-mail:    douglas.flahaut@afslaw.com
            christopher.wong@afslaw.com
7            dylan.yamamoto@afslaw.com

8  General Bankruptcy and Restructuring Counsel for
   Debtor and Debtor-in-Possession
9

10                **UNITED STATES BANKRUPTCY COURT**

11       **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

12

13  In re                                    Case No. 8:21-bk-12276-SC

14  **SUMMIT FINANCIAL, INC.**, a California    Chapter 11
    corporation,

15           Debtor and Debtor-in-Possession.

16                                            **SUPPLEMENTAL BRIEF AND
                                              EXPLANATION OF PROPOSED
17                                            CHANGES AND DECLARATION OF
                                              HAO TANG IN SUPPORT OF
18                                            CONFIRMATION OF DEBTOR'S
                                              AMENDED CHAPTER 11 PLAN OF
19                                            REORGANIZATION**

20                                            Cont. Confirmation Hearing
                                              Date:      November 16, 2022
21                                            Time:      1:30 p.m.
                                              Place:     Zoom for Government
22

23

24

25

26

27

28

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE; AND ALL INTERESTED PARTIES:**

Summit Financial, Inc., as debtor and debtor-in-possession and proponent of the *Debtor's Amended Plan of Reorganization, Dated October 26, 2022* [Dkt. No. 186] (the "Amended Plan"), which amends and clarifies the Debtor's previous *Plan of Reorganization, Dated December 17, 2021* [Dkt. No. 72] (the "Original Plan"), hereby files this Supplemental Brief and Explanation of Proposed Changes (the "Supplemental Brief") in support of confirmation of the Amended Plan and in order to discuss and explain the Amended Plan's proposed changes to the Original Plan. Capitalized terms not defined herein shall have the meaning ascribed to them in the Amended Plan. This Supplemental Brief references and incorporates the factual discussions, evidence, and analysis set forth in the Debtor's *Brief In Support of Confirmation of Debtor's Chapter 11 Plan of Reorganization* [Dkt. No. 95] (the "Original Brief"), and sets forth the case for confirmation of the Amended Plan by explaining the changes made in the Amended Plan.

## I.

## INTRODUCTORY STATEMENT

Since filing the Original Plan and the Original Brief, the Debtor has been working with The Irvine Company, LLC affiliated landlords (collectively, the "Landlord") to reach a voluntary resolution of the outstanding issues related to the remaining leases. At the time of filing the Original Brief, the motion to assume and assign the Los Olivos lease was pending, and after the parties reached a stipulation to permit the assumption and assignment, the Court entered an order approving the motion on February 23, 2022 [Dkt. No. 121]. In addition, on April 20, 2022, the Subchapter V Trustee conducted a mediation between the Debtor and Landlord. Although the parties did not resolve all issues, the parties agreed that extending the deadline to assume or reject the three remaining leases as well as the Confirmation Hearing on the Debtor's plan approximately 120 days would permit them to work towards a consensual resolution with respect to the arrearages. Accordingly, on April 26, 2022, the Debtor filed a stipulation to continue the lease rejection deadline, confirmation hearing, and other deadlines [Dkt. No. 147], which the Court approved [Dkt.

1    No. 149].

2          On July 26, 2022, the Debtor filed a motion to assume and assign the Eastbluff lease [Dkt.

3    No. 160], and the Debtor and The Irvine Company entered into a stipulation [Dkt. No. 168] to allow

4    the assumption and assignment, which was approved by the Court on September 2, 2022 [Dkt. No.

5    172]. Thus, at present, the Debtor intends to reorganize its business around the two remaining

6    locations, which it believes are the most profitable. The Debtor continues to work diligently to

7    gain the Landlord's consent to the Amended Plan, and hopes that the Landlord will cast a Class 3

8    ballot in favor of the Amended Plan. However, for the time being, the Debtor believes the Plan can

9    still be confirmed under Section 1191(b).

10          The primary proposed changes in in the Amended Plan include: (1) extending the plan term

11    from three years to five years; (2) eliminating the Class 3(b) of the unsecured claims of the

12    Landlord, and including such claims in Class 3 General Unsecured Claims, and paying Class 3

13    General Unsecured Claims in full; (3) paying the administrative expense claims of Debtor's counsel

14    ArentFox Schiff LLP over time rather than on the Effective Date, to the extent necessary; (4) the

15    Debtor affirmatively assuming the leases of the Quail Hill and Woodbury Town Center salons, with

16    the cure amount to be paid within 12 months, and with 12 months to assign either lease; and (5),

17    the Debtor's principal Hao Tang will commit to making capital contributions to equity, to the extent

18    additional funds are needed to make the required payments under the Amended Plan. The Debtor

19    submits that these changes will make no class of claimants materially worse off, and that now the

20    only impaired class—Class 3 General Unsecured Creditors—will be paid 100%.

21          Finally, the Debtor notes that the Subchapter V Trustee Mark M. Sharf (the "Trustee") filed

22    limited objections [Dkt. No. 87] (the "Trustee Response") to the Original Plan. The Debtor believes

23    that the responses in the Original Brief and the Amended Plan should substantially address the

24    Trustee's limited objections.

25

26

27

28

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS:26191145.1

## II.

## PROPOSED CHANGES TO THE ORIGINAL PLAN

In the Amended Plan, the Debtor has made a few changes, which will be discussed in further detail below:

**A.     The Plan Term Is Extended from Three Years to Five Years.**

Although the Original Plan term was three years, the Debtor has changed the term to five years in the Amended Plan per the request of the Trustee. This will enable the Debtor to make plan payments to allowed Priority Tax Claims and General Unsecured Claims over a longer period. This will increase the Debtor's Summit Financial Projected Net Disposable Income, thereby providing greater financial flexibility for the Debtor over the life of the Amended Plan.

**B.     Class 3 General Unsecured Claims Will Be Paid In Full, and the Unsecured Claims of the Landlord Are Included in Class 3, Rather than In a Separate Class.**

Perhaps the most noteworthy change in the Amended Plan is that General Unsecured Creditors will have their allowed claims paid in full over the duration of the Amended Plan. In contrast, the Original Plan was a pot plan, through which the creditors would share pro rata and likely be paid less than 100% of their allowed claims. In addition, the Unsecured Claims of the Landlord are now included in the Class 3 General Unsecured Claims, and will be paid 100% as well, unless an alternative agreement is reached. This change will also mean that the Subchapter V Trustee's objection that the tax claim reduction should be paid to unsecured creditors should also be moot, as General Unsecured Creditors will already be receiving 100 cents on the dollar.

**C.     Debtor's Counsel's Administrative Claims Will be Paid Over Time, Rather Than On the Effective Date.**

If necessary to ensure that the Debtor is able to make all required payments under the Amended Plan, Debtor's counsel has agreed to receive payment of its Allowed Administrative Expense Claim over time rather than on the Effective Date, as it would be otherwise entitled under the Bankruptcy Code. This should provide the Debtor with additional financial flexibility so that the Amended Plan can be confirmed, and general unsecured creditors can be paid in full.

**D.**     **The Debtor Will Assume the Quail Hill and Woodbury Town Center Leases, With 12 Months to Pay the Prepetition Cure Amounts and 12 Months to Assign the Leases.**

Under the Amended Plan, the Debtor will assume the Quail Hill and Woodbury Town Center Leases and pay all prepetition cure amounts within 12 months of the Effective Date. Moreover, the Debtor will have the right to assign either or both leases within that same 12-month period, provided that the full cure amount is paid, and adequate assurance of the assignee's future performance is shown. The Subchapter V Trustee previously objected to the Original Plan by contending that the financial projections were uncertain because it was not clear which leases were being assumed—while the Debtor maintains that all financial projections are inherently speculative and uncertain, the question of which leases are being assumed has been resolved.

**E.**     **Debtor's Principal Hao Tang Will Commit to Making Capital Contributions to Equity, to the Extent Additional Funds Are Required.**

To the extent additional funding is needed for the Debtor to make the required payments under the Amended Plan, the Debtor's CEO and sole shareholder Hao Tang will make such additional capital contributions as a contribution to equity. Consequently, if there are unexpected shortfalls or additional costs (i.e., costs associated with moving locations), these shortfalls will be made up by Hao Tang. In his objections, the Subchapter V Trustee noted that Hao Tang would need to confirm that she would and could make such contributions, and this should be resolved through her attached declaration.

### III.

### **CONCLUSION**

For the foregoing reasons, the Debtor respectfully requests that the Court enter an order:

1.     Confirming the Amended Plan (including any non-material modifications made prior to or made on the record at the November 16, 2022 hearing);

2.     Overruling any remaining objections to confirmation; and

3.     Granting any further relief as the Court deems just and proper.

1   Dated:  October 26, 2022                    **ARENTFOX SCHIFF LLP**

2

3                                              By: */s/ M. Douglas Flahaut*

4                                                 M. Douglas Flahaut
                                                  Christopher K.S. Wong

5                                                 Dylan J. Yamamoto
                                                  General Bankruptcy and Restructuring

6                                                 Counsel for Debtor and Debtor-in-
                                                  Possession

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION OF HAO TANG**

I, Hao Tang, declare as follows:

1.      I am over 18 years of age.  If called as a witness, I could and would competently testify with respect to the matters set forth in this declaration from my own personal knowledge or from knowledge gathered from others within the Debtor's organization, my review of relevant documents, or my opinion based upon my experience concerning the Debtor's operations.

2.      I am the CEO and sole shareholder of the Debtor.  I submit this declaration in support of the Debtor's Amended Plan of Reorganization (the "Amended Plan").  Any capitalized term not defined herein has the meaning ascribed to it in the Amended Plan.

3.      I have the reviewed the Amended Plan and the exhibits attached thereto, and believe the Amended Plan and the steps proposed therein are necessary to enable the Debtor to successfully reorganize and avoid or minimize certain adverse operational and financial consequences that might otherwise result.

4.      To the extent additional capital contributions are necessary for the proposed payments to be made under the Amended Plan, I have the sufficient personal financial resources and am willing to make such contributions as a contribution to equity, as contemplated in the Amended Plan Projections.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed October 25, 2022, at O.C., California.

_____
Hao Tang

AFDOCS:26191145.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

ArentFox Schiff LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled (*specify*): **SUPPLEMENTAL BRIEF AND EXPLANATION OF PROPOSED CHANGES AND DECLARATION OF HAO TANG IN SUPPORT OF CONFIRMATION OF DEBTOR'S AMENDED CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **10/26/2022,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **10/26/2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**

Honorable Scott C. Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/26/2022 | YVONNE LI | /s/ Yvonne Li |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

AFDOCS/24841838.1

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Everett G. Barry, Jr on behalf of Attorney Jamie D. Mottola
ebarry@mulvaneybarry.com, vrodriguez@mulvaneybarry.com

M Douglas Flahaut on behalf of Debtor Summit Financial, Inc.
douglas.flahaut@arentfox.com

Michael J Hauser on behalf of U.S. Trustee United States Trustee (SA)
michael.hauser@usdoj.gov

Ernie Zachary Park on behalf of Creditor The Irvine Company
ernie.park@bewleylaw.com

Mark M Sharf (TR)
mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Christopher K.S. Wong on behalf of Debtor Summit Financial, Inc.
christopher.wong@afslaw.com, yvonne.li@arentfox.com

Dylan J Yamamoto on behalf of Debtor Summit Financial, Inc.
dylan.yamamoto@arentfox.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.